UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 17-cv-328-pp

MIGHTY FINE CATTLE COMPANY LLC,
TRAVIS L. KRUEGER, EMILY E. KREUGER,
FARMERS GRAIN & FEED LLC,
PHI FINANCIAL SERVICES, INC.,
KETTLE-LAKES COOPERATIVE,
MARVIN A. RATE,
DAVID A. THOMPSON,
SERWE IMPLEMENT CO., INC.,
CAPITAL ONE BANK USA NA,
FISHER & THOMPSON, INC.,
FOND DU LAC COUNTRY TREASURER,

        Defendants.

**ORDER GRANTING MOTION FOR PARTIAL DEFAULT JUDGMENT AND JUDGMENT ON THE PLEADINGS (DKT. NO. 31)**

The plaintiff filed a motion for partial default judgment and judgment on the pleadings under Rules 55 and 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 31. The plaintiff moved for default judgment against defendants Mighty Fine Cattle Company LLC, Travis and Emily Krueger, Farmers Grain & Feed LLC, Kettle-Lakes Cooperative, Marvin Rate, David Thompson, Capital One Bank USA NA, and Fisher & Thompson, and for judgment on the

1

pleadings against PHI Financial Services, Inc. and Serwe Implement Co., Inc.[1]
None of these defendants responded to the motions. Defendant Fond du Lac County, who holds a prior interest to the plaintiff on the property, filed an objection to the motions but later reached a stipulation with the plaintiff. Dkt. Nos. 34, 36. On October 31, 2017, the plaintiff filed a notice of abandonment of the mortgaged property. Dkt. No. 37.

Both the motion for default judgment and the motion for judgment on the pleadings are unopposed.

**I.    Plaintiff's Motion for Partial Default Judgment and Judgment on the Pleadings (Dkt. No. 31)**

　　A.　　<u>Standard of Review for Motion for Default Judgment</u>

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). Here, the plaintiff requested the entry of default on August 11, 2017 (dkt. no. 27), and the clerk of court entered default on August 14, 2017. After the entry of default, a plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines a defendant is in default, the court takes as true the factual allegations in the complaint. <u>Black v. Lane</u>, 22 F.3d 1395, 1399 (7th Cir. 1994).

---

[1] On May 30, 2017, the parties stipulated to dismiss defendant Jacobson Farmers Supply, Inc. because its mortgage had been satisfied before the plaintiff filed the complaint. Dkt. No. 16.

B.  <u>Standard of Review for Motion for Judgment on the Pleadings</u>

In considering a motion for judgment on the pleadings, the court considers the complaint, answer and any written instruments attached to those pleadings; accepts all well-pleaded allegations in the complaint as true; and draws all inferences in favor of the plaintiff. See <u>Pisciotta v. Old Nat'l Bancorp</u>, 499 F.3d 629, 633 (7th Cir. 2007); <u>Forseth v. Village of Sussex</u>, 199 F.3d 363, 368 (7th Cir. 2000).

C.  <u>Defendants Failed to Answer or Otherwise Plead</u>

On March 7, 2017, the plaintiff filed its complaint seeking to foreclose by sale on real estate mortgages and chattel based on promissory notes, security agreements, continuation states and mortgages entered into by the defendants under the statutes, rules and regulations of the Farm Service Agency. Dkt. Nos. 1, 32 at ¶4. All of the defendants have been served with the waiver of summons or the summons and complaint. With the exception of PHI Financial Services, Inc. and Serwe Implement Co., who both filed a notice of entitlement to surplus funds (dkt. nos. 7, 18), none of the defendants filed an answer, and the time for doing so has expired.

The plaintiff established service as follows:

    1.    Defendants Marvin Rate, John Howley (in his capacity as attorney for defendant Kettle-Lakes Cooperative), and Daniel Dineen (as registered agent for defendant Farmers Grain & Feed LLC) signed and returned the waiver of service of summons form on March 21, 2017. These defendants did not file a responsive pleading by the May 15, 2017 deadline. Dkt. No. 32 at ¶5.

3

2. The United States Marshal personally served the Mighty Fine Cattle Company LLC on May 25, 2017, and Emily and Travis Krueger on May 31 2017. These defendants did not file a responsive pleading by the June 21, 2017 deadline. Id. at ¶6.

3. Finally, the United States Marshal personally served David Thompson on June 6, 2017, and Thompson failed to respond by June 27, 2017. The United States Marshal personally served Capital One Bank USA NA on June 15, 2017 and Capital One failed to respond by July 6, 2017. Id.

D. Allegations in Plaintiff's Complaint are Proven True

The court has jurisdiction because the plaintiff filed this case under 28 U.S.C. §1345, which provides that the district courts have original jurisdiction over civil actions brought by the United States or any agency authorized to sue under an act of Congress. Dkt. No. 1 at ¶1. The plaintiff seeks a sale of the mortgaged property under 28 U.S.C. §§2001-2003.

None of the defendants have contested the substantive allegations of the complaint. Defendants PHI Services, Inc. and Serwe Implement Co. filed claims for excess, but do not contest that the plaintiff's interest in the mortgaged property is superior to their own. Thus, the court takes all of the allegations of the complaint as true for purposes of establishing liability.

The plaintiff seeks to foreclose on chattel and real estate held by defendants Mighty Fine Cattle Company LLC and Travis L. and Emily E. Krueger ("the Borrowers"). Dkt. No. 1 at ¶1. The Borrowers executed a series of promissory notes with the Farm Service Agency, United States Department of Agriculture. Id. at ¶3. The plaintiff attached to the complaint the promissory notes and security agreements securing the remaining chattel. Dkt. Nos. 1-1 through 1-23. The mortgage premises at issue is described as follows:

> Lot One (1) of Certified Survey Map No. 7578 recorded in the office of the Register of Deeds for Fond du Lac County, Wisconsin in Volume 55 of Certified Survey Maps on pages 84 and 84A, Document No. 972172; being a part of the Southwest Quarter of the Southwest Quarter (SW 1/4 SW 1/4) of Section 7, Township 13 North, Range 18 East, Town of Ashford, Fond du Lac County, Wisconsin.
>
> Property Address:
> W4855 Super Drive, Campbellsport, WI 53010

Id. at ¶8. In addition, the Borrowers included the plaintiff as a lien holder on their 2007 Schuette Manufacturing and Steel Sales, Inc. single cattle trailer, bearing Vehicle Identification Number 1S9JL17187M774216. Id. at ¶¶6,7, 1-31.

The plaintiff gave notice of this action on March 27, 2017 by filing a *lis pendens* in the office of the Register of Deeds for Fond du Lac County, Wisconsin as required by law after filing the complaint in this court and more than twenty days prior to the trial or other resolution of this action.

The United States is due the following sums:

> **a) Unpaid Principal and Interest:**
> Principal Balance $513,322.39
> Accrued Interest to August 11, 2017 $ 24,315.43
> Interest continues to accrue on the note at a rate of $32.1681 per day. The total amount of interest due to the United States will be calculated as of the date Judgment is ordered.
>
> **b) Fees and Costs Already Incurred:**
> Lis Pendens fees $ 30.00
>
> **c) Taxes, Special Assessments, Insurance, and Necessary Repairs:** Under the terms of the mortgages, plaintiff may pay any taxes, special assessments, or insurance premiums accruing against the mortgaged premises that are now due or that shall become hereafter due before a sale of the mortgaged premises; and to protect and preserve the mortgaged premises, plaintiff may make payments for such repairs to the premises as may

reasonably be deemed necessary for the proper preservation thereof. Under the terms of the mortgages, all sums advanced by plaintiff for taxes, special assessments, insurance, or necessary repairs become additional indebtedness secured by the mortgages.

**d) Costs of Foreclosure:** Under the terms of the mortgages, plaintiff is entitled to collect expenses that it may incur in pursuing the remedy of foreclosure. Such expenses include but are not limited to title evidence and title insurance as well as fees, charges, and expenses owed to the U.S. Marshal for a judicial sale of the premises.

Dkt. Nos. 31-1 at ¶¶9-10, 32 at ¶¶14-20.

No other proceedings have been held at law or otherwise for the recovery of the sum secured by the promissory notes, security agreements, continuation statements, and mortgages. Dkt. No. 31-1 at ¶12.

E. <u>Conclusions of Law</u>

The court will enter judgment of foreclosure of the premises as requested in the plaintiff's complaint and in accordance with the above findings of fact. The plaintiff has established that, as of August 11, 2017, it was owed $537,637.82 ($513,322.39 in principal balance and $24,315.43 in accrued interest to August 11, 2017). All sums advanced by the plaintiff for taxes, special assessments, insurance, or necessary repairs shall become additional indebtedness secured by the mortgages, with interest thereon from the date of payment at the legal post-judgment rate, and may be added to the judgment by order any time after its entry. In addition, the plaintiff is entitled to a lien on the premises for the amount of any payments made for reasonable expenses incurred in pursuing the remedy of foreclosure and may obtain an order directing that the amounts paid, with interest thereon from the date of

payment at the legal post-judgment rate, be paid out of the proceeds of the sale.

The defendants Mighty Fine Cattle Co., Travis Krueger, Emily Krueger, Farmers Grain & Feed, LLC, Kettle-Lakes Cooperative, Marvin Rate, David Thompson, Capital One Bank USA NA, Fisher & Thompson, PHI Financial Services, Inc., and Serwe Implement Co. and all persons claiming under them subsequent to the filing of the notice of the pendency of this action are forever barred and foreclosed of all right, title, interest, claim and equity of redemption in and to the lands and premises or any part, parcel, or portion thereof.

The defendants shall not be granted a period of redemption. See United States v. Einum, 992 F.2d 761 (7th Cir. 1993).

## II. Conclusion

The court **GRANTS** the plaintiff's motion for partial default judgment against defendants Mighty Fine Cattle Co., Travis L. Krueger, Emily E. Krueger, Farmers Grain & Feed LLC, Kettle-Lakes Cooperative, Marvin Rate, David A. Thompson, Capital One Bank USA NA, and Fisher & Thompson. Dkt. No. 31.

The court **GRANTS** the plaintiff's motion for judgment on the pleadings against defendants PHI Financial Services, Inc., and Serwe Implement Co., Inc. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 27th day of February, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**